IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRANDON L. SIMPSON #1485615 | § | |
| | § | |
| V. | § | A-09-CA-108-LY |
| | § | |
| SAN MARCOS POLICE DEPARTMENT, | § | |
| OFFICER BRADSHAW, and OFFICER | § | |
| DUSTIN SLAUGHTER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1) and Defendants' Motion for Summary Judgment (Document No. 11). Plaintiff did not file a response thereto, despite being granted an extension of time in which to do so. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Manuel Segovia Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging San Marcos police officers used excessive force during his arrest. Specifically, Plaintiff alleges:

> On 7/13/07 Officer Bradshaw with the San Marco [sic] Police Department did in fact with malice tase Mr. Simpson and with disregard to police policy did cause malicious injury to Petitioner by causing burns to right upper arm and the loss of teeth when Mr. Simpson fell to the ground. Mr. Simpson was tased with taser #X00-127026. Mr. Simpson when tased went into convwltions [sic] and was unresponding [sic]. Although taken to the hospital Mr. Simpson has ever-lasting effects, and unpayed [sic] medical bills that the San Marco [sic] police department refuses to pay.

Plaintiff sues the San Marcos Police Department, Officer Bradshaw and Officer Dustin Slaughter. He seeks damages in the amount of $250,000, punitive damage in the amount of $250,000 plus the payment of his medical expenses.

## II. ANALYSIS

### A. Entities Not Capable of Being Sued

The San Marcos Police Department is not a legal entity capable of being sued. See, Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Accordingly, the Court did not order service upon the police department, and Plaintiff's claims against the police department should be dismissed.

### B  Standard of Review Under Fed. R. Civ. P. 56(c)

Defendants Bradshaw and Slaughter move for summary judgment. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary

judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

C.     Qualified Immunity

Defendants Bradshaw and Slaughter assert their entitlement to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, --- U.S. ----, 129 S. Ct. 808 (2009).

1. Officer Bradshaw

The summary judgment evidence shows that Officer Bradshaw did not use any force in connection with Plaintiff's arrest. The only force alleged is the single use of a Taser, which was activated by Officer Slaughter. As such, Officer Bradshaw is entitled to summary judgment.

2. Officer Slaughter

Claims of excessive force in the course of a seizure are analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989). "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). "In gauging the objective reasonableness of the force used," the court "must balance the amount of force used against the need for that force." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996).

Construing the facts most favorably to Plaintiff, the evidence reflects that Officer Slaughter did not engage in excessive use of force against Plaintiff or did not act in an objectively unreasonable manner. The unrefuted summary judgment evidence shows Plaintiff was lawfully detained, because Plaintiff had provided false identifying information to an officer, during a shoplifting investigation at the Tanger Outlet Mall. When Plaintiff was told that he was under arrest, he fled the scene. The summary judgment evidence reveals Plaintiff was in a public place, surrounded by civilians, had not been searched for weapons, and his identity and criminal history was unknown. Plaintiff was warned that the Taser would be used if he did not stop, and Plaintiff continued to run. The Taser was activated a single time, and Plaintiff fell to the ground. No other force was used to arrest Plaintiff.

5

Because Plaintiff has not established that his Fourth Amendment right was violated as a result of the force used at the time of his apprehension and arrest, Officer Slaughter is entitled to summary judgment.

### III. RECOMMENDATION

The undersigned recommends that the District Court **DISMISS** Plaintiff's claims brought against the San Marcos Police Department and **GRANT** the Motion for Summary Judgment filed by Defendants Brawshaw and Slaughter.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE